IN RE INTEREST OF C.G., A CHILD UNDER 18 YEARS OF AGE. STATE OF NEBRASKA, DEPARTMENT OF SOCIAL SERVICES, APPELLANT, V. C.G., APPELLEE.
IN RE INTEREST OF G.G.T., A CHILD UNDER 18 YEARS OF AGE. STATE OF NEBRASKA, DEPARTMENT OF SOCIAL SERVICES, APPELLANT, V. G.G.T., APPELLEE.

377 N.W.2d 529

Filed December 6, 1985.    Nos. 85-195, 85-196.

Robert M. Spire, Attorney General, Royce N. Harper, and J. Kirk Brown, for appellant.

D.L. Pelton and Robert B. O'Neal, for appellees.

Pat Kelly, Sarpy County Attorney, and Lawrence D. Gendler, for Sarpy County.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

GRANT, J.

These two cases were consolidated for review of orders of the separate juvenile court of Sarpy County, Nebraska, placing the two juveniles involved in the custody and care of the Nebraska Department of Social Services (hereinafter department) after the court had adjudged each of the juveniles to be within the definition of Neb. Rev. Stat. § 43-247(1) (Reissue 1984).

The facts are succinctly set forth in the department's brief and agreed to by the county attorney of Sarpy County (ostensibly representing the juveniles' parents, but in reality simply supporting the orders of the juvenile court) and by counsel for the juveniles. The department is the appellant in each case. Standing to present this appeal is vested in the department by Neb. Rev. Stat. § 43-285 (Reissue 1984), which provides: "When the [juvenile] court awards a juvenile to the care of the department [of social services] . . . then the department . . . shall have standing as a party to file any pleading or motion . . . and to be granted any review or relief requested . . . ." The facts, agreed to by all the parties, are set out in the department's brief as follows:

> The two minors involved in this consolidated appeal have both been adjudicated law violators within subsection (1) of Neb.Rev.Stat. §43-247 (Reissue 1984). By orders of the Separate Juvenile Court of Sarpy County, Nebraska, both minors were placed in the care and custody of the Nebraska Department of Social Services.
>
> The court specifically instructed in its order dated February 7, 1985, that [C.G.] (Case No. 85-195) be placed by the department in a suitable group home. In Case No. 85-196, the court specifically directed in its order dated January 18, 1985, that [G.G.T.] be placed with the department for screening and evaluation at the Eppley Chemical Dependency Unit, and further ordered the department to pay any costs not covered by the parents' insurance. The department filed a motion for rehearing, or in the alternative, to amend the order but said motion was overruled by the court on February 11, 1985. This consolidated appeal resulted.

Brief for Appellant at 3-4.

The department assigns as error:

1. The juvenile court erred in holding that the statutes grant it authority to place a child adjudged under §43-247(1) as a law violator in the care and custody of the Department of Social Services other than temporarily for evaluation at the Nebraska Center for Children and Youth.

2. The juvenile court erred in holding that it has authority to determine the course of treatment for a child subsequent to its placement by the court with the Department of Social Services.

*Id.* at 2.

For the reasons hereinafter set out we conclude that the juvenile court did err as set out in the first assignment of error. We therefore reverse the orders and remand the causes. In view of that holding we do not reach the second assignment of error.

The jurisdiction of the juvenile court is provided for in § 43-247, which provides:

The juvenile court in each county as herein provided shall have jurisdiction of:

(1) Any juvenile who has committed an act other than a traffic offense which would constitute a misdemeanor . . . ;

(2) Any juvenile who has committed an act which would constitute a felony . . . ;

(3) Any juvenile (a) who is homeless or destitute, or without proper support through no fault of his or her parent . . . who is abandoned . . . or (b) who, by reason of being wayward or habitually disobedient, is uncontrolled by his or her parent . . . who deports himself or herself so as to injure or endanger seriously the morals or health of himself, herself, or others; or who is habitually truant from home or school;

(4) Any juvenile who has committed an act which would constitute a traffic offense as defined in section 43-245;

. . . .

Upon adjudicating a minor as falling within one of the subsections of § 43-247, the court may order a disposition in the case pursuant to Neb. Rev. Stat. §§ 43-283 to 43-2,101 (Reissue

1984). In particular, § 43-284 pertains to the disposition of juveniles adjudged to be those defined in § 43-247(3), while § 43-286 pertains to juveniles described in § 43-247(1), (2), (3)(b), or (4).

The department contends that the sections of the juvenile code outlining the array of dispositions available do not include "the Department of Social Services . . . as an alternative for . . . a minor adjudged a delinquent under §43-247(1)." Brief for Appellant at 5. The department acknowledges that the juvenile court may place in the department temporary custody of any juvenile for the purpose of evaluation at the Nebraska Center for Children and Youth "either pending adjudication (§43-258) or following adjudication but prior to final disposition (§43-281) . . . ." Brief for Appellant at 5-6. The department contends, however, that the department is not provided as an alternative for permanent placement of juveniles adjudicated under § 43-247(1), (2), or (4). The department contends that the only juveniles authorized to be placed permanently with the department are those falling under subsection (3), that is, juveniles commonly referred to as status offenders. See §§ 43-284 to 43-287.

In response to the position presented by the department, the Sarpy County attorney in his brief at 1 states: "The statutory classification outlined in Sections 43-286 and 43-287 . . . is a denial of the Equal Protection Clause because it creates an unreasonable irrebuttable presumption that law violators shall not receive necessary state services by virtue of their adjudication." The Sarpy County attorney further states that this classification is wrong because, "Thus, a child who runs away from home may seek state assistance, through Juvenile Court, but a child who shoplifts may not. What results is a uniform statewide program available to the runaway and not the shoplifter." Brief of Sarpy County Attorney at 4.

We do not agree, but hold instead that the State, through the Legislature, has made a valid classification between juveniles who are homeless or in physical, mental, or moral danger, not as a result of any act of theirs causing harm to any other person, but because of the situation in which such juveniles find themselves, and juveniles who cause harm or damage to others

by their own volitional acts in violation of the State's criminal law. Such a differentiation is reasonable and does not result in any failure to provide equal protection to all juveniles. There is a substantial difference in the two classifications. We held in *State v. Ruzicka*, 218 Neb. 594, 597, 357 N.W.2d 457, 461 (1984): " 'If the classification of persons singled out by the legislation is reasonable and not arbitrary, and is based on substantial differences having a reasonable relation to the persons dealt with and the public purpose to be achieved, it meets the constitutional test of equal protection.' "

We also note that there is a uniform statewide program available to juvenile criminal offenders in the Youth Development Center at Kearney or Geneva. Up to the point of the utilization of such programs, it is true that the juvenile courts have only their probation officers and the resources of the individual counties to turn to in solving the problems of the juvenile law violator.

It is at that point that what appears to be the real focus of the disagreement between the county attorney of Sarpy County and the Attorney General of the State of Nebraska, representing the department, emerges. The county attorney states that the department "further argues that the county and not the State ought to provide the necessary services for these minor children [juvenile law violators]." Brief of Sarpy County Attorney at 3.

The resolution of such differences is beyond the power of this court to settle in this case. As we have often said, it is not our place in our system of government to make any judgments on the efficacy of specific statutes, but only to determine if such statutes are constitutional. As stated in *State v. Ruzicka, supra* at 597, 357 N.W.2d at 461: "This court does not sit as a superlegislature to review the wisdom of legislative acts." See, also, *Bridgeford v. U-Haul Co.*, 195 Neb. 308, 238 N.W.2d 443 (1976). In this case we determine that §§ 43-283 to 43-2,101 do not violate the equal protection provisions of either the U.S. Constitution or the Constitution of the State of Nebraska.

Counsel for the juveniles do not raise the constitutional question but submit their brief in support of their proposition that "[t]he juvenile court has the authority to place juveniles

adjudicated as delinquents in the care of the Department of Social Services under the statutory scheme enumerated in Neb. Rev. Stat. § 43-246 and § 43-286." Brief for Appellees at 1. Again we do not agree.

Section 43-286 does not provide for placing any children with the department. It provides:

> When any juvenile is adjudicated to be a juvenile described in subdivision (1), (2), (3)(b), or (4) of section 43-247 the court may:
>
> (1) Continue the dispositional portion of the hearing, from time to time . . . and . . . may:
>
> (a) Place the juvenile on probation subject to the supervision of a probation officer;
>
> (b) Permit the juvenile to remain in his or her own home, subject to the supervision of the probation officer; or
>
> (c) Cause the juvenile to be placed in a suitable family home or institution, subject to the supervision of the probation officer . . . ;
>
> (2) Except as provided in section 43-287, the court may commit such juvenile to the care and custody of the Department of Correctional Services . . . ;
>
> . . . .
>
> (4) When a juvenile is placed on probation or under the supervision of the court for conduct under subdivision (1), (2), (3)(b), or (4) of section 43-247 . . . a motion to revoke probation or supervision or to change the disposition may be filed and proceedings held . . . ;
>
> . . . .
>
> (e) If the juvenile is found by the court to have violated the terms of his or her probation, the court may modify the terms and conditions of the probation order . . . or, in the case of the juvenile adjudicated to be within the definitions of subdivision (3)(b) of section 43-247, the court . . . may in addition commit such juvenile to the Department of Public Institutions or the Department of Correctional Services under section 43-287; . . .
>
> . . . .

Section 43-287 deals specifically with children adjudged

under § 43-247(3)(b) and explicitly provides for placement with the department. It provides in part:

> Notwithstanding the provisions of subdivision (2) of section 43-286, when any juvenile is found by the court to be a juvenile defined by subdivision (3)(b) of section 43-247, the court may (1) enter such order as it is empowered to enter in the case of a juvenile described in subdivision (1) or (2) of section 43-247, except that no such juvenile shall be committed to the Youth Development Centers at Kearney or Geneva, or (2) enter an order committing or placing the juvenile to the care and custody of the Department of Social Services.

These statutes present the relevant choices for disposition of juveniles adjudged under § 43-247. None of the provisions in the dispositional statutes authorize placing juveniles adjudged as law violators under § 43-247(1) with the Department of Social Services. To the contrary, the dispositional statutes specifically provide that juveniles adjudged under § 43-247(3)(a) or (b) may be placed with the department.

We hold that the juvenile court lacks the statutory authority to place children adjudged under § 43-247(1) with the Department of Social Services. The orders of the juvenile court are therefore reversed, rendering the second issue moot, and the causes are remanded for further proceedings consistent with this holding.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.